**NORTHERN PLAINS RESOURCE COUNCIL, Petitioner,**

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Respondent.**

The Montana Power Company, the Washington Water Power Company, Puget Sound Power and Light Company, Portland General Electric Company, and Pacific Power and Light Company, Intervenors.

No. 79–7618.

United States Court of Appeals, Ninth Circuit.

May 29, 1984.

James A. Patten, Billings, Mont., for petitioner.

Elizabeth Stein, Washington, D.C., for respondent.

Before TANG, SCHROEDER and NELSON, Circuit Judges.

ORDER

On October 3, 1983 the Supreme Court, —— U.S. ——, 104 S.Ct. 54, 78 L.Ed.2d 73, vacated our decision awarding attorney's fees to the Northern Plains Resource Council in this matter, *Northern Plains Resource Council v. EPA*, 670 F.2d 847 (9th Cir.1982), and remanded the case for further consideration in light of *Ruckelshaus v. Sierra Club*, —— U.S. ——, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983).

In *Northern Plains Resource Council v. EPA*, 645 F.2d 1349 (9th Cir.1981), we affirmed a decision of the EPA. Subsequent to our decision, Northern Plains Resource Council (NPRC) filed for an award of attorney's fees pursuant to the Clean Air Act, § 307(f), 42 U.S.C. § 7607(f), and we awarded attorneys' fees. *Northern Plains Resource Council*, 670 F.2d at 849.

DISCUSSION

■ Section 307(f) provides that "in any judicial proceeding under this section, the court may award costs of litigation (including reasonable attorney's and expert witness's fees) whenever it determines that such an award is appropriate." The Supreme Court ruled in *Sierra Club* that such an award is "appropriate" only where the party seeking the award has achieved "some success on the merits." *Sierra Club*, 103 S.Ct. at 3281. Congress originally stated that it did not intend to limit award of attorney's fees to the "prevailing party." H.R.Rep. No. 294, 95th Cong., 1st Sess. 337 *reprinted in* 1977 U.S.Code Cong. & Ad.News 1077, at 1416 ("The committee did not intend that the court's discretion to award fees under [§ 307(f)] should be restricted to cases in which the party seeking fees was the 'prevailing party.'") Rather, Congress seemed inclined to facilitate challenges of EPA decisions to

insure that the EPA fulfilled its designated function of preserving air quality. *See Metropolitan Washington Coalition for Clean Air v. District of Columbia,* 639 F.2d 802, 804 (D.C.Cir.1981). *Sierra Club* makes clear, however, that parties who achieve no success on the merits are ineligible for attorney's fees. A party, while not "prevailing" overall, must achieve "some success" in order to qualify for award of attorney's fees.

 Under this test, NPRC is not entitled to an award of attorney's fees. While this court notes that NPRC brought this suit to promote the quality of air resources and that the suit presented issues important to the construction of the Clean Air Act, the NPRC's position ultimately failed on each of the issues raised. Under the Supreme Court's interpretation of section 307(f), the NPRC failed to achieve "some success on the merits" and is, therefore, ineligible for award of attorney's fees.

SO ORDERED.